**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

---

MADISON VIGIL FOR LIFE, INC.,
GWEN FINNEGAN, JENNIFER DUNNETT,
MARY MARKIELEWSKI,
THERESA KLINKHAMMER, CONSTANCE
NIELSEN, STUDENTS FOR LIFE OF MADISON,
BADGER CATHOLIC, FR. RICHARD HEILMAN,
SARAH QUINONES and RYAN WOODHOUSE,

        Plaintiffs,                            Case No: 14-cv-157-wmc

      v.

THE CITY OF MADISON, WISCONSIN,

        Defendant.

---

**DEFENDANT CITY OF MADISON'S REPLY BRIEF IN SUPPORT OF**
**ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND TO STAY**
**BRIEFING ON PLAINTIFFS' MOTION FOR TEMPORARY INJUNCTION**

---

## I.    INTRODUCTION.

The Plaintiffs' Complaint was premature when filed, and it has been mooted in any event by subsequent action of the Madison Common Council, thereby requiring dismissal for lack of subject matter jurisdiction.

The Plaintiffs filed their action on February 26, 2014, the day after the Madison Common Council passed MGO 23.01. When the Complaint was filed, however, MGO 23.01 had not yet been approved by the Mayor or subsequently published, both necessary predicates before an ordinance becomes effective.

One of the sponsors of MGO 23.01, Alder Lisa Subeck, later moved to reconsider MGO 23.01 at the Common Council meeting held on March 4, 2014. Because Alder Subeck's motion

was not on the agenda for the March 4, 2014 meeting, the motion to reconsider was referred to the Council's next meeting, scheduled for March 18, 2014. (May Dec. ¶7.)

The Common Council ultimately did reconsider MGO 23.01 at the March 18, 2014 Council meeting. (Lauten Dec. ¶2.) The Common Council also then passed Substitute MGO 23.01, which includes material changes to the original MGO 23.01. (Lauten Dec. ¶2.) The changes adopted in Substitute MGO 23.01 include a more restrictive definition of "health care facility;" a reduction of the protective zone around the entrance to a health care facility; and the addition of a protective zone for driveways of properties upon which a health care facility is located. (Lauten Dec. ¶2.)

As a result of the action of the Common Council on March 18, 2014, MGO 23.01 has been repealed. (Lauten Dec. ¶2.) Substitute MGO 23.01 will now be presented to the Mayor for approval, and then published, if approved by the Mayor. (Lauten Dec. ¶4.)

The repeal of MGO 23.01, as originally passed by the Common Council, renders the pending Complaint moot. The Plaintiffs' demand for injunctive and declaratory relief as to MGO 23.01 is beyond the jurisdiction of the Court to grant. Furthermore, the Plaintiffs' pending Complaint does not include any allegations as to Substitute MGO 23.01, which had not been passed by the Common Council when the Complaint was filed, and which ordinance is not yet effective.

## II.   THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' PREMATURE AND MOOT CLAIMS.

The City of Madison's Motion to Dismiss should be granted for two reasons. First, the Plaintiffs filed their Complaint prematurely before MGO 23.01 became effective. Second, claims related to MGO 23.01, as originally passed, are moot because MGO 23.01 has been repealed by the Common Council.

The Plaintiffs opposed the City's Motion to Dismiss on the basis that MGO 23.01, as originally passed, became effective upon publication on March 6, 2014, and because MGO 23.01 had not yet been formally repealed when the Plaintiffs filed their response.  Based on those arguments, the Plaintiffs conclude that the City's Motion to Dismiss should be denied because a "voluntary cessation" of enforcement of an ordinance allegedly does not moot a pending complaint.  The Plaintiffs' argument, however, misapprehends that the Court's jurisdiction is determined at the time of filing a complaint, at which time MGO 23.01 was not yet effective.

The jurisdiction of a federal court "depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 570 (2004).  *See also Rodis v. Seidlin,* 656 F.3d 610, 621-22 (7th Cir. 2011) ("time-of-filing rule" measures challenges to subject matter jurisdiction premised upon diversity of citizenship against the stated facts that existed at the time of filing, regardless of when raised).  Applying that principle to the present case, the Plaintiffs' Complaint was jurisdictionally premature when filed on February 26, 2014, prior to approval of MGO 23.01 by the Mayor and also prior to subsequent publication on March 6, 2014.

Significantly, the Plaintiffs' Complaint also must now be dismissed because MGO 23.01, the subject of the pending Complaint, was repealed by the Common Council on March 18, 2014. The Ordinance that is the subject of the Complaint no longer exists and the Plaintiffs are not subject to potential enforcement of that Ordinance.  The action of the Common Council constitutes more than a "voluntary cessation" of enforcement.  As a result, the claims of the pending Complaint are moot.

A case becomes moot and federal courts lose subject matter jurisdiction when a justiciable controversy ceases to exist. *Asline v. Financial Industry Regulatory Authority, Inc.*,

3

704 F.3d 475, 477 (7th Cir. 2013).   The mootness doctrine is grounded in the Constitution's

Article III requirement that courts adjudicate only actual cases or controversies.   *Id.* citing

*Honing v. Doe*, 44 U.S. 305, 317 (1998).

The repeal of a challenged ordinance is sufficient to moot a case for jurisdictional

purposes.   *Doe v. Elmbrook School District,* 658 F.3d 710, 720 (7th Cir. 2011) (citing *Wernsing*

*v. Thompson,* 423 F.3d 732, 744-46 (7th Cir. 2005); and *Federation of Advertising Industrial*

*Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 929-31 (7th Cir. 2003)).   That is critical

in the present case.

The City has now presented to the Court undisputable evidence of the repeal of MGO

23.01, as originally passed by the Common Council.   The Plaintiffs' argument against dismissal,

therefore, has been made obsolete by subsequent events.   The Plaintiffs argued that the City

Council might, or might not, repeal MGO 23.01 at the Council meeting to be held on March 18,

2014.   In fact, however, at that meeting, the Council did repeal MGO 23.01, while also passing

Substitute MGO 23.01.

The Plaintiffs seek injunctive and declaratory relief based upon a facial challenge to an

ordinance that no longer exits.   This court, however, is constitutionally prohibited from ruling

upon such a matter that has been mooted by subsequent events.   *Doe*, 658 F.3d at 720.   As a

result, the Plaintiffs' Complaint must be dismissed.   The court should not, and constitutionally

cannot, simply assume that the Plaintiffs' objections to MGO 23.01, as originally passed, may be

potentially the same for Substitute MGO 23.01.    Although the Plaintiffs previously have

threatened that they will object to any substitute ordinance, without knowing the terms of

Substitute MGO 23.01, the court cannot indulge that assumption.   The court cannot rewrite the

Plaintiffs' Complaint in order to create a case or controversy by incorporating Substitute MGO

23.01, which did not exist at the time of filing.  *Asline,* 704 F.3d at 477.  The pending Complaint is moot and the court lacks subject matter jurisdiction to proceed.

## III.   THE COURT SHOULD STAY BRIEFING ON PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION.

The Plaintiffs' Motion for a Preliminary Injunction technically remains pending despite the repeal of MGO 23.01.  In fact, the City's opposition to Plaintiffs' Motion for a Preliminary Injunction is scheduled for filing by March 31, 2014.  In the circumstances, however, the incongruity of briefing a motion to enjoin enforcement of a repealed ordinance makes clear the need to stay further briefing on the Plaintiffs' Motion.  In the event that a justiciable challenge to Substitute MGO 23.01 occurs, briefing will be required addressing the current ordinance, including briefing by the Plaintiffs.  If and when that situation arises, the City requests the court to set an appropriate briefing schedule.

## IV.   CONCLUSION.

The Court should grant the motions by the City of Madison to dismiss the Plaintiffs' pending Complaint and to stay briefing on Plaintiffs' Motion for Preliminary Injunction.

DATED:  March 21, 2014.

BOARDMAN & CLARK LLP
By

/s/ Richard L. Bolton
Catherine M. Rottier, #1016342
Richard L. Bolton, #1012552
Sarah B. Painter, #1076046
1 South Pinckney Street, Suite 410
P.O. Box 927
Madison, Wisconsin  53701-0927
Telephone: (608) 257-9521
Facsimile: (608) 283-1709
E-mail:  crottier@boardmanclark.com
        rbolton@boardmanclark.com
        spainter@boardmanclark.com