# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

MADISON VIGIL FOR LIFE, INC.,
GWEN FINNEGAN, JENNIFER DUNNETT,
MARY MARKIELEWSKI,
THERESA KLINKHAMMER, CONSTANCE
NIELSEN, STUDENTS FOR LIFE OF MADISON,
BADGER CATHOLIC, FR. RICHARD HEILMAN,
SARAH QUINONES and RYAN WOODHOUSE,

        Plaintiffs,

v.

THE CITY OF MADISON, WISCONSIN,

        Defendant.

Case No: 14-cv-157-wmc

## DECLARATION OF PATRICIA A. LAUTEN

I, Patricia A. Lauten, declare as follows:

    1.    I am the Deputy City Attorney for the City of Madison. I make this declaration based on my own personal knowledge and in support of the City of Madison's motion to dismiss plaintiffs' complaint.

    2.    On March 18, 2014, the Madison Common Council voted to reconsider MGO 23.01 and passed Substitute MGO 23.01, which includes material changes to the original MGO 23.01. The changes adopted in Substitute MGO 23.01 include a more restrictive definition of "health care facility;" a reduction of the protective zone around the entrance to a health care facility; and the addition of a protective zone relating to driveways for the property upon which a health care facility is located. (A true and correct copy of Substitute MGO 23.01 is attached to this Declaration.)

3. As a result of the action of the Common Council on March 18, 2014, MGO 23.01 as originally passed by the Common Council on February 25, 2014, has been repealed.

4. Substitute MGO 23.01, as passed by the Common Council on March 18, 2014, will be presented to the Mayor for approval and then subsequently published, if approved by the Mayor. Approval by the Mayor and publication of an ordinance usually occur within approximately ten (10) days after passage of an ordinance by the Common Council.

5. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

*Patricia A. Lauten* (signature)
Patricia A. Lauten

3/20/2014
Date



# City of Madison

City of Madison
Madison, WI 53703
www.cityofmadison.com

## Master

File Number: 32827

| File ID: 32827 | File Type: Ordinance | Status: Passed |
|---|---|---|
| Version: 2 | Reference: | Controlling Body: COMMON COUNCIL |
| | | File Created Date : 01/15/2014 |
| File Name: Buffer zone | | Final Action: 03/18/2014 |

Title: SUBSTITUTE Creating Section 23.01 and amending Section 1.08(3)(a) of the Madison General Ordinances to create a buffer zone at the entrance of health care facilities to protect patients and creates a bail schedule for violation thereof.

Notes: 5421buffer,SUB
MAYOR APPROVAL DATE: 2-28-14

Sponsors: Lisa Subeck, David Ahrens, Shiva Bidar-Sielaff, Joseph R. Clausius, Mark Clear, Denise DeMarb, Larry Palm, Scott J. Resnick, Marsha A. Rummel, John Strasser, Michael E. Verveer, Anita Weier, Ledell Zellers, Lauren Cnare and Sue Ellingson

Effective Date:

Attachments: Buffer zone ord handout.pdf, E mail registrants.2 13.14.pdf, Gwen Finnegan testimony.pdf, Registrations 2 13 14.pdf, Support e mails.pdf, Support e mails.II.pdf, Version 1, Report of the City Attorney

Enactment Number: ORD-14-00046

Author: Kevin Ramakrishna

Hearing Date:

Entered by: dalthaus@cityofmadison.com

Published Date: 03/06/2014

## History of Legislative File

| Version: | Acting Body: | Date: | Action: | Sent To: | Due Date: | Return Date: | Result: |
|---|---|---|---|---|---|---|---|
| 1 | Attorney's Office/Approval Group | 01/15/2014 | Referred for Introduction | | | | |
| | Action Text: | This Ordinance was Referred for Introduction | | | | | |
| | Notes: | Board of Health for Madison and Dane County; Public Safety Review Committee | | | | | |
| 1 | COMMON COUNCIL | 01/21/2014 | Referred | BOARD OF HEALTH FOR MADISON AND DANE COUNTY | | 02/13/2014 | |
| | Action Text: | This Ordinance was Referred to the BOARD OF HEALTH FOR MADISON AND DANE COUNTY | | | | | |
| | Notes: | Additional referral to Public Safety Review Committee | | | | | |
| 1 | BOARD OF HEALTH FOR MADISON AND DANE COUNTY | 01/21/2014 | Referred | PUBLIC SAFETY REVIEW COMMITTEE | | 02/11/2014 | |
| | Action Text: | This Ordinance was Referred to the PUBLIC SAFETY REVIEW COMMITTEE | | | | | |
| | Notes: | | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 | PUBLIC SAFETY REVIEW COMMITTEE | 02/11/2014 | | | | |
| 1 | PUBLIC SAFETY REVIEW COMMITTEE | 02/11/2014 | Return to Lead with the Recommendation for Approval | BOARD OF HEALTH FOR MADISON AND DANE COUNTY | 02/13/2014 | Pass |

**Action Text:** Rosalind Woodward – Supports the ordinance. A retired woman's healthcare provider shared that over the years she has witnessed medical treatment of woman stating that services provided by clinics are legal medical procedures and are considered to be a necessary part of a comprehensive woman's health plan. She said that the women seeking the services are doing what you would be doing if you had a hip replacement, hysterectomy, or a gall bladder removed. She said women are attending to their own medical needs as they see fit.

Christopher Lee – Opposes the ordinance. He shared that whether you are pro-life or pro-choice it really does not matter but with this particular issue he said on the ordinance. He said it is wrong to place restrictions on freedom of speech and assembly and that if someone wants to tell a person they should not visit a clinic or business it is their freedom of speech as long as there is peaceful demonstration.

Lynnsey Erickson – Supports the ordinance. She indicates that patients deserve the privacy and respect when entering a healthcare facility and that they should not be met with hostility, harassment or intimidation. She said the ordinance allows a nice balance as it will protect patients that are seeking healthcare but continues to allow free speech as individuals can still protest but gives patients the ability to enter a healthcare facility without being harassed or spoken to without their consent.

Analiese Eicher – Supports the ordinance. She mentioned the biggest concern is for patient safety and privacy and that individuals should be able to move freely to whatever appointment without feeling threatened or intimidated. She said that the ordinance strikes an appropriate balance with free speech as it still allows protests to continue but it also at the same time protects an individual's personal space and safety with the ability to access legal healthcare with dignity without threats or intimidation.

Wendi Kent – Supports the ordinance. She said she is representing the National Organization for Woman. (NOW) She shared that when seeking healthcare that every human being deserves space without being harassed. She said it is common for side walk preachers and harassers to treat everyone coming to a clinic that provides abortion as being seen for that. She said people come to the clinic may be there for another reason such as a check-up or seeking measures to prevent pregnancy indicating that she experienced first-hand being harassed to the point where it deterred her from continuing to receive prenatal services. She shared that we have rules regarding free speech and when it is harmful to others no matter which side they are on that no one has the right to intimidate, harm or assault a woman attempting to access healthcare.

Gwen Finnegan – Opposes the ordinance. Ms. Finnegan is the director of Vigil of Life, Madison and shares she opposes the gag rule and feels that it violates First Amendment rights. She said Vigil of Life brings a peaceful and prayerful witness and invite the people that they encounter to engage in conversation where they encourage choosing life. She said they are also there to offer hope and healing to mothers who have chosen abortion. Vigil of Life she said ensembles on public sidewalks at Planned Parenthood being peaceful with one or two individuals. She mentioned there are other protests and demonstrations within the City that have caused disruption that were not related to abortion or healthcare facilities where the City's response was to praise people who peacefully ensemble to exercise democracy and first amendment rights. HANDOUT

Greg Packnett – Supports the ordinance. He shared that woman feel intimidated or threatened at healthcare clinics as they walk into the clinic to receive healthcare. He shared a story where an individual who was protesting at a healthcare clinic later brought back a gun and he said according to the man's testimony indicated that he would have used it on those who received healthcare at the clinic. He feels that the eight feet buffer zone is reasonable and still gives the ability to exercise the First Amendment rights which he believes in.

Jennie Dye – Supports the ordinance. Ms. Dye had to leave to attend another meeting.
Natalie Deibel – Supports the ordinance. Is available to answer questions.
Marie Kumerow – Supports the ordinance. Does not wish to speak, available to answer questions
Natalie Goodwin – Supports the ordinance. Does not wish to speak.
Jamie Beam – Supports the ordinance. Does not wish to speak.

There were 73 e-mails received that were in support of creating a buffer zone ordinance.

Ernie Horinek made a motion to enter into discussion and action on the item. Alder Strasser seconded the motion.

Alder Subeck who is a sponsor of the ordinance shared the reason for the ordinance saying there is a

dally protest presence at Planned Parenthood which ranges from small to large groups of Individuals sharing that it is not the presence she is concerned with it is the sidewalk counselors who make woman feel uncomfortable, threatened or intimidated by being overly aggressive. She said the ability to approach patients is still in the confines with our current law and that is why this ordinance is needed to ensure every woman who walks through all healthcare clinics is protected by the buffer zone. Lastly, she said that the ordinance still allows free speech while protecting the patient by the zone in which another individual cannot enter without permission.

Alder Strasser inquired with Captain Ackeret if the Police Department has a stand on the ordinance. Captain Ackeret said that the department does not have a stand on the ordinance and would enforce the ordinance if passed.

The committee voted unanimously in favor of the ordinance.

**Notes:**

Absent: 2 Paul E. Skidmore and Maurice S. Cheeks
Ayes: 6 Merrilee Pickett; Ernest E. Horinek; Matthew S. MacWilliams; Wayne S. Strong; Bruce P. Frey and John Strasser
Non Voting: 1 Chan M. Stroman

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 | BOARD OF HEALTH FOR MADISON AND DANE COUNTY | 02/13/2014 | RECOMMEND TO COUNCIL TO ADOPT - REPORT OF OFFICER | | | Pass |

**Action Text:** A motion was made by Kay, seconded by Edgar, to RECOMMEND TO COUNCIL TO ADOPT - REPORT OF OFFICER. The motion passed by voice vote/other.
**Notes:**

| 1 | COMMON COUNCIL | 02/25/2014 | Adopt | | | Pass |

**Action Text:** A motion was made by Resnick, seconded by Clausius, to Adopt. The motion passed by voice vote/other.
**Notes:**

| 1 | COMMON COUNCIL | 03/04/2014 | Reconsider | | | Pass |

**Action Text:** A motion was made by Subeck, seconded by Palm, to Reconsider. The motion passed by voice vote/other.
**Notes:**

| 1 | COMMON COUNCIL | 03/04/2014 | Refer to a future Meeting to Adopt | COMMON COUNCIL | 03/18/2014 | Pass |

**Action Text:** A motion was made by Subeck, seconded by Rummel, to Refer to a future Meeting to Adopt to the COMMON COUNCIL. The motion passed by voice vote/other.
**Notes:** Common Council 3-18-2014

| 2 | COMMON COUNCIL | 03/18/2014 | Reconsider | | | Pass |

**Action Text:** A motion was made by Subeck, seconded by Resnick, to Reconsider. The motion passed by voice vote/other.
**Notes:**

| 2 | COMMON COUNCIL | 03/18/2014 | Adopt Substitute | | | Pass |

**Action Text:** A motion was made by Subeck, seconded by Bidar-Sielaff, to Adopt Substitute. The motion passed by voice vote/other.
**Notes:**

## Text of Legislative File 32827

**Fiscal Note**
There may be a small increase in General Fund revenues derived from forfeitures.

**Title**
SUBSTITUTE Creating Section 23.01 and amending Section 1.08(3)(a) of the Madison General Ordinances to create a buffer zone at the entrance of health care facilities to protect patients and creates a bail schedule for violation thereof.

**Body**
DRAFTER'S ANALYSIS: This substitute ordinance creates a protective zone within 100 feet of

the entrance to health clinics and 30 feet of the driveway entrance for a health clinic for patients to be allowed entry and exit without obstruction. Within these zones, it is unlawful to intentionally approach a person without their consent, within eight feet, in order to engage in oral protest, education, counseling, pass leaflets or handbills, or display signs to the person. This ordinance also prohibits, generally, anyone from physically and intentionally hindering a person's entrance or exit from a health care facility. This ordinance also creates a bail schedule for these offenses.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The Common Council of the City of Madison do hereby ordain as follows:

1. Section 23.01 entitled "Prohibition on Obstructing Entryways to Health Clinics" of the Madison General Ordinances is created to read as follows:

"23.01 PROHIBITION ON OBSTRUCTING ENTRYWAYS TO HEALTH CLINICS.

(1) Purpose and Findings. The Common Council recognizes that access to health care facilities for the purpose of obtaining medical counseling and treatment without interference is important to the residents of the City, and that the exercise of a person's right to speak for or against such counseling and treatment, including the right to protest or counsel against certain medical procedures, must be balanced against another person's right to obtain medical counseling or treatment in an unobstructed manner. Therefore, the Common Council finds that this ordinance is necessary to further the City's significant governmental interests in protecting citizens' rights to come and go from a health care facility.

(2) Restrictions. It shall be unlawful for any person to do any of the following:
  (a) Physically and intentionally obstruct, detain, hinder, impede, or block another person's entry to or exit from a health care facility.
  (b) Intentionally approach another person to within eight (8) feet without consent for the purpose of doing any of the following on a public way or sidewalk area within either of the zones listed in sub. (c):
    1. Pass a leaflet or handbill to the person.
    2. Display a sign to the person.
    3. Engage in oral protest, education or counseling with the person.
  (c) Zones.
    1. A radius of one hundred (100) feet from an entrance to a health care facility.
    2. A radius of thirty (30) feet from the point where the right-of-way intersects with the curbcut of any private driveway for the property upon which the health care facility is located, if any such point falls outside the zone in sub. (c)1.

(3) Definitions. In this section:
  (a) "Health care facility" means a place used by a licensed physician or nurse practitioner to routinely provide medical treatment.
  (b) "Entrance" means a location of ingress and egress to a building. Where a health care facility is located in a multi-use or multi-office building and does not have a separate entrance, then the zone in (2)(c)1. applies to all entrances to the building.

(4) Penalty. Any person violating any provision of this ordinance shall be subject to a forfeiture of not less than fifty dollars ($50) nor more than one thousand dollars ($1000)."

2. Subdivision (a) of Subsection (3) entitled "Schedule of Deposits" of Section 1.08 entitled "Issuance of Citations for Violations of Certain Ordinances and Providing a Schedule of Cash Deposits" of the Madison General Ordinances is amended by creating therein the following:

| "Offense | Ord. No./Adopted Statute No. | Deposit |
|---|---|---|

| | | |
|---|---|---|
| Prohibition on obstructing entryways to health clinics. | 23.01 | $300, 1st<br>$500, 2nd<br>$750, 3rd & sub." |

EDITOR'S NOTE: New bail deposits must be approved by the Municipal Judge prior to adoption. This deposit has been so approved.